## TILFORD CAMPBELL v. STATE.

No. A-5887.  Opinion Filed July 23, 1927.
(258 Pac. 357.)

John P. Hickam, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Payne county on a charge of rape in the second degree and sentenced to serve a term of 2 years in the state penitentiary.

It is first argued that the court erred in denying defendant a new trial on the ground of newly discovered evidence. The prosecutrix testified that the act of intercourse occurred at the time of the meeting of a certain Farmers' Union Local, which was attended by the father of prosecutrix, and the state offered testimony that defendant was at this meeting and after the father arrived left and went to the home of the prosecutrix. The testimony disclosed that the prosecutrix had given substantially the same evidence at the preliminary trial. Attached to the motion for a new trial was the affidavit of several persons, in substance, that defendant was not at the Farmers' Union meeting during or preceding its session. This was not newly discovered evidence. From the time of the preliminary defendant should have known the state would offer testimony to this effect and should have been prepared to meet it. The claimed newly discovered evidence with slight diligence could have been procured at the trial. There is no showing of due diligence. A motion for a new trial upon this ground is

addressed to the sound discretion of the trial court. The presumption is that the discretion was properly exercised. Unless there is an abuse of such discretion the ruling of the court will not be disturbed. The contention cannot be sustained.

The only other matter of complaint is that the court erred in admitting incompetent, irrelevant, and immaterial testimony offered by the state. The items of evidence complained of are probably admissible as tending to corroborate the prosecutrix, but even if incompetent they are unimportant and do not constitute material prejudice. Incompetent, irrelevant, and immaterial evidence which does not tend to prove or cast light on the offense charged and has no bearing on any legitimate issue, but which tends to arouse passion or prejudice, or which may warp or influence the judgment of the jurors, is prejudicial, and may constitute a proper reason for granting a new trial. This is not the situation here, however.

The case is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.